OPINION
{¶ 1} Appellant Joseph J. Germani, III., appeals his conviction and sentence entered subsequent to a bench trial on one count of Illegal Conveyance of Weapons or Prohibited Items onto the Grounds of a Detention Facility or Institution.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant had been a deputy with the Knox County Sheriff's office since December 7, 2000.
 {¶ 3} On or about June, 2003, Appellant became a suspect in an investigation concerning drug contraband being smuggled into the Knox County Jail. On two separate occasions, contraband and drug paraphernalia was found in the trash can in Dorm E of the jail. These items included a lighter, a wire, a spoon and a tire gage which had been used as a pipe, and a burnt piece of steel wool. Six inmates were located in Dorm E, one of which was an inmate named Anthony Tate.
 {¶ 4} At some point in time, Anthony Tate became aware that the other inmates had singled him out as the person receiving the drugs. (T. at 91). Inmate Tate then initiated contact, through his attorney, with the Sheriff's Department informing them that he would be willing to work with them in catching Deputy Germani in exchange for no charges being brought against him or his fiancée Brittany Hess. Id.
 {¶ 5} On July 17, 2003, Appellant was observed having a private conversation with inmate Anthony Tate which lasted approximately forty-five (45) minutes. (T. at 34).
 {¶ 6} On July 19, 2003, a buy/bust operation was set into motion whereby inmate Tate's girlfriend Brittany would wear a wire and would go the jail with a package containing cocaine and would make arrangements with Deputy Germani to take possession of the package and deliver same to inmate Tate in exchange for $1,000.00 cash.
 {¶ 7} Ms. Hess testified that she went to the jail, approached Deputy Germani and informed him that she had a package she needed him to deliver to inmate Tate. She also gave him some photographs that she wanted delivered to Tate. Deputy Germani told her to place the $1,000.00 in the black box which is a pass through for items that won't fit in the slot under the window. (T. at 69-71). He then told her to leave the package in the women's restroom. (T. at 71). Ms. Hess stated that Deputy Germani gave her the restroom key and she went back to the car, retrieved the package and left same in the women's restroom on top of the tampon machine. (T. at 71-72).
 {¶ 8} Deputy Germani was observed going to inmate Tate's dorm. (T. at 94). Deputy Germani delivered the photographs to inmate Tate and while they were looking at these photographs, Deputy Germani pulled a package out of his sock and slid it into a cubbyhole area. Id. While Deputy Germani was still in inmate Tate's cell, Sheriff Barber, Lt. Belt and Capt. Foster of the Knox County Sheriff's Department approached said cell and ordered Deputy Germani to exit the cell. (T. at 109). Inmate Tate then pointed to the floor and kicked a package out from the privacy screen. (T. at 43, 95, 110). Sheriff Barber retrieved the package, cut it open, and found that the package contained a small bag of white powder, baking soda, a spoon, a lighter, a tire gage and steel wool. (T. at 111, 176-177). Sgt. Butler and Lt. Belt searched the women's restroom and located a can of Copenhagen and a can of snuff in the trash can. (T. at 135, 178-179).
 {¶ 9} Deputy Germani was taken to the conference room and advised of his rights. (T. at 44, 1111-113, 180). Acknowledging that he understood his rights, Deputy Germani waived his right to remain silent and agreed to make a statement. (T. at 110, 180-182). This interview was tape-recorded. (T. at 183). In this statement Deputy Germani admitted to picking up the package in the restroom and delivering said package to inmate Tate's cell. He also stated that he had been having some financial problems and had recently filed bankruptcy. During this interview, Deputy Germani admitted to picking up a package from Ms. Hess where she worked on an earlier occasion and delivering same to inmate Tate.
 {¶ 10} On August 4, 2003, Appellant was indicted by the Knox County Grand Jury on one count of Illegal Conveyance of Weapons or Prohibited Items onto the Grounds of a Detention Facility or Institution, in violation of R.C. 2921.36(A)(2), a third degree felony.
 {¶ 11} On February 26, 2004, Appellant filed a waiver of his right to trial by jury.
 {¶ 12} On March 2, 2004, the case proceeded to a bench trial.
 {¶ 13} At the close of the State's case, Appellant made a Crim.R. 29 motion for acquittal. The trial court denied said motion. The defense rested without presenting any witnesses. The trial court found Appellant guilty.
 {¶ 14} On May 21, 2004, the trial court sentenced Appellant to a definite term of two years incarceration.
 {¶ 15} Appellant now appeals his conviction and sentence, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 16} "I. Trial court erred to the prejudice of Mr. Germani by entering a judgment of guilty based upon insufficient evidence.
 {¶ 17} "II. Appellants [sic] conviction was against the manifest weight of the evidence.
 {¶ 18} "III. The trial court erred and violated mr. germani's right to a jury trial as guaranteed under the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 5 of the Constitution of the State of Ohio in imposing a non-minimum sentence based on a factual determination not made by a jury or admitted by Mr. Germani, and not proven beyond a reasonable doubt."
 I., II. {¶ 19} Appellant argues in his first and second assignments of error that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 20} Specifically, Appellant argues that the State failed to prove that he conveyed cocaine onto the grounds of the jail.
 {¶ 21} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 22} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 23} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 24} A reviewing court will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbets (2001),92 Ohio St.3d 146, 162, 749 N.E.2d 226.
 {¶ 25} Appellant was charged with violating R.C. 2921.36(A)(2), which states, in pertinent part:
 {¶ 26} "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility or of an institution that is under the control of the department of mental health or the department of mental retardation and developmental disabilities, any of the following items.
 {¶ 27} "* * *
 {¶ 28} "* * * [a]ny drug of abuse, as defined in section 3719.011 of the Revised Code."
 {¶ 29} It is undisputed that the cocaine contained in the package delivered by Appellant Germani is a drug of abuse as defined by R.C.3719.011. Nor is it disputed that the Knox County Jail is a detention facility for purposes of R.C. 2921.36(A)(2).
 {¶ 30} The crux of the Appellant's argument is the definition of "grounds". Appellant argues that the "grounds" includes the land surrounding the jail and therefore Ms. Hess is the person who actually brought the drugs onto the grounds, not him.
 {¶ 31} In State v. Snead (March 6, 1997), Fifth Dist. App. No. 96 CA 37, this Court addressed the issue of what constitutes conveyance for purposes of this statute. In Snead, we found that the State satisfied the elements of R.C. 2921.36(A)(2) by establishing that Appellant conveyed the package from the women's restroom, open to the public that visited the institution, into the area where the inmates are confined. We found this act by appellant constituted "conveyance" within the meaning of R.C. 2921.36(A)(2).
 {¶ 32} The case sub judice is factually similar. The State produced evidence that the Appellant conveyed the cocaine from the women's restroom to inmate Tate who was confined in his detention cell. This evidence provided both sufficient and competent, credible evidence to support the trial court's conclusion that Appellant conveyed said contraband into the jail.
 {¶ 33} Appellant's first and second assignments of error are overruled.
 III. {¶ 34} In his third assignment of error, Appellant argues that the trial court erred in sentencing him to more than the minimum sentence without a factual determination by a jury. We disagree.
 {¶ 35} Appellant was convicted of and sentenced on a third degree felony. The statutory sentencing range for an F3 is a prison term of one, two, three, four or five years. See R.C. 2929.14. The trial court sentenced Appellant to two years incarceration.
 {¶ 36} Appellant argues that pursuant to Blakely v. Washington
(2004), 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court erred by sentencing him to any sentence greater than the statutory minimum. The basis for this argument is that doing so required the trial court to make certain findings which violate the holdings in Blakely,
supra. Appellant argues that the trial court was required to impose the minimum sentence of one year unless a jury makes a finding that "the shortest prison term will demean the seriousness of the offenders conduct or will not protect the public from future crime by the offender or others." See R.C. 2929.14(B).
 {¶ 37} Upon review, we find that unlike the Washington statute inBlakely, the sentencing "range" created by R.C. 2929.14(B) is not "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant."
 {¶ 38} Instead, it limits a defendant's potential sentence within the statutory range created by R.C. 2929.14(A). Put simply, the facts reflected in a jury verdict convicting a defendant of a third degree felony allow a sentence of up to five years. R.C. 2929.14(B) merely limits judicial discretion in sentencing within that range.
 {¶ 39} We find, therefore, that the holding in Blakely, supra, does not apply. See also United States v. Booker (2005), ___ U.S. ___,125 S.Ct. 738, 159 L.Ed.2d ___ and United States v. Fanfan (2005), ___ U.S. ___, 125 S.Ct. 738, 159 L.Ed.2d ___.
 {¶ 40} In the instant case the trial court considered all of the statutory factors and specifically found that the minimum sentence of one year would demean the seriousness of the offense and not protect the public from a future offense by Appellant. The trial court found that the defendant held a public office or position of trust in the community and the offense related to that office or position. (Sent. T. at 8). The trial court found that Appellant used his profession to facilitate the offense and that such was likely to influence the future conduct of others. Id. The trial court also found that Appellant showed no genuine remorse. Id. The court found that Appellant was not amenable to an available community control sanction. (Sent. T. at 9). The court then went on to find that the shortest prison term would demean the seriousness of Appellant's conduct and would not adequately protect the public from future crime from this Appellant or others. Id. Given these factors, the trial court, in its discretion, chose to impose more than the minimum prison sentence within the available range provided by the statute.
 {¶ 41} We further note that in the instant case a jury determination would not have been necessary for an additional finding because Appellant waived his right to a trial by jury and tried his case to the bench, thus making the trial court in this case the trier of fact which had already heard all of the evidence.
 {¶ 42} Appellant's third assignment of error is overruled.
 {¶ 43} The decision of the Knox County Court of Common Pleas is affirmed.
Boggins, P.J. Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas, Knox County, Ohio, is affirmed. Costs assessed to appellant.